IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF TENNESSEE WESTERN DIVISION

---

Jamiracle Robinson and
Toni Gibson a/k/a Toni Copher
  Plaintiffs

v.                                                          Civil Action No. 2:25-cv-03030

Shelby County, Tennessee;
Rakelle Curry; Christopher Harts;
Sargent Harmon Tobar; Sargent Marcus Boyd;
Lieutenant Eureka Boyd; Floyd Bonner, Jr.;
Kirk Fields; Lee Harris; John Does 1-10
  Defendants

---

ANSWER TO SECOND AMENDED COMPLAINT OF FLOYD BONNER, JR AND
KIRK FIELDS

---

Comes now Defendants, Floyd Bonner, Jr. and Kirk Fields ("Sheriff Defendants"), by and through their counsel, to file their Answer to the Second Amended Complaint in their official and individual capacities, as follows:

## ARTICLE I

### Global Answer and Defenses of Bonner and Fields to all Allegations and Claims in the Second Amended Complaint

In addition to the specific admissions and denials of each claim asserted against them in the Second Amended Complaint as set forth in Article II of this responsive pleading, Defendants Bonner and Fields make and incorporate the following statements into each and every response made in Article II of this responsive pleading, namely:

1. Defendant Bonner admits that he is the duly elected and acting Sheriff of Shelby County, Tennessee, who is required by law to take charge and custody of the Shelby County Jail personally or by deputies or jailers appointed by him and to take custody of the prisoners lawfully committed to the Shelby County Jail until discharged by order of a court of competent jurisdiction.

2. Defendant Bonner admits that Shelby County has constructed and designated 201 Poplar Avenue and 6201 Haley Road as the Shelby County Jail facilities (collectively the "Shelby County Jail"), which are by law under the custody and control of the Sheriff and the deputies and jailers appointed by him.

3. Defendant Bonner admits that in accordance with Tennessee law he has appointed deputies and jailers, including Chief Deputy Kirk Fields, to take charge

1

and custody only of the Shelby County Jail and any prisoners lawfully committed to the Shelby County Jail until discharged by order of a court of competent jurisdiction.

4. Defendant Bonner admits that pursuant to statutory authority Shelby County's legislative body has adopted County ordinances that provided for the establishment, construction and maintenance of Shelby County's workhouse that is separate from the Shelby County Jail, to which the circuit or criminal courts of Shelby County may sentence prisoners convicted of any criminal offense. Shelby County's workhouse consists of several permanent buildings that are located on land previously known as the "county penal farm" and presently known as the Shelby County Corrections Center with a municipally assigned address of 1045 Mullins Station Road (the "Shelby County Corrections Center").

5. Defendant Bonner admits pursuant to Shelby County ordinances and public records, which are readily accessible to Plaintiffs and their counsel, the Shelby County Division of Corrections is responsible for all activities and operations of the county penal farm a/ka Shelby County Corrections Center. Shelby County ordinances also provide that the director of corrections shall have charge and general supervision of the Division of Corrections.

6. Defendant Bonner denies that as Sheriff he has had at any time the right, obligation or duty to supervise or control the operations, personnel, inmates or facilities of the Shelby County Correction Center located at 1045 Mullins Station Road or to prescribe, implement or enforce any policies and procedures at the Shelby County Correction Center.

7. Defendant Bonner further denies having had any direct or indirect involvement whatsoever in any of the actions or events alleged and described in the Second Amended Complaint.

8. Defendant Bonner denies that he has appointed, assigned or ordered Chief Deputy Kirk Fields or any of the Sheriff's deputies or jailers, to take charge and custody of the Shelby County Corrections Center or any prisoners lawfully committed to the Shelby County Corrections Center by order of a court of competent jurisdiction.

9. Defendant Fields denies that he has had at any time any right, obligation, opportunity or duty to supervise or control the operations, personnel, inmates or facilities of the Shelby County Correction Center located at 1045 Mullins Station Road.

10. Defendant Fields further denies having had any direct or indirect involvement whatsoever in any of the actions or events alleged and described in the Second Amended Complaint.

11. Defendants Bonner and Fields each deny that they or any other person acting pursuant to the orders and directions of the Shelby County Sheriff has prescribed,

2

implemented, enforced or failed to enforce any policies and procedures at the Shelby County Correction Center.

12. Defendant Bonner denies that he has appointed Defendants, Rakelle Curry, Christopher Harts, Sergeant Harmon Tobar, Sergeant Marcus Boyd, Lieutenant Eureka Boyd, ("the Corrections Officer Defendants") as Sheriff's deputies or jailers at the Shelby County Jail or that he has the authority to appoint, supervise or control the Corrections Officers Defendants at the Shelby County Correction Center or elsewhere.

13. Defendant Fields denies that he has ever at any time supervised, directed or controlled the work and activities of the Corrections Officer Defendants at the Shelby County Correction Center or elsewhere.

14. Defendants Bonner and Fields each personally state and admit that they have not received any reports of alleged rapes occurring during 2024 and 2025 at Jail East for female prisoners located at 6201 Haley Road.

15. Defendants Bonner and Fields each personally state and admit that public records of the Shelby County Criminal Court that were readily accessible to Plaintiff, Jamiracle Robinson and her counsel before the Complaint was filed in this case shows that the Criminal Court Division VIII on January 26, 2024 ordered that Robinson was sentenced to the Shelby County workhouse (Shelby County Correction Center).

16. Defendants Bonner and Fields each personally state and admit that public records of Jail East shows that Robinson was transferred to the Shelby County workhouse (Shelby County Correction Center) on January 31, 2024 and never returned to Jail East before the filing of the Complaint.

17. Defendants Bonner and Fields each personally state and admit that public records of the Shelby County Criminal Court that were readily accessible to Plaintiff, Toni Gibson and her counsel before the Complaint was filed in this case shows that the Criminal Court Division IV on June 27, 2023 ordered that Gibson was sentenced to the Shelby County Correction Center.

18. Defendants Bonner and Fields each personally state and admit that public records of Jail East shows that Gibson was transferred to the Shelby County Correction Center on June 27, 2023 at 5:18 pm. and never returned to Jail East.

19. Defendant Bonner states and admits that a Sheriff's law enforcement deputy was dispatched to the Shelby County Correction Center ("SCCC") located at 1045 Mullins Station Road at the request of SCCC personnel on November 25, 2024 to investigate an alleged interaction between two (2) SCCC inmates.

20. Upon arrival the Sheriff's law enforcement deputy received information from an SCCC employee about an alleged sexual encounter between Jamiracle Robinson and a male inmate in cell 6 of Building E of the SCCC on November 12, 2024. After

3

completing his assignment, the Sheriff's law enforcement deputy filed with the Sheriff's office a report of his actions in response to the request from SCCC personnel for a Sheriff's deputy to be dispatched to the scene at the SCCC.

21. Defendant Bonner states that a Sheriff's law enforcement deputy was dispatched to the SCCC in the furtherance of the Sheriff's statutory duty, as the chief law enforcement officer of Shelby County to enforce all laws, statutes and ordinances applicable to Shelby County.

22. Defendants Bonner and Fields each deny that any of the actions or events alleged and described in the Second Amended Complaint occurred in the Shelby County Jail for male prisoners located at 201 Poplar Avenue or in Jail East for female prisoners located at 6201 Haley Road.

23. Defendants Bonner and Fields admit that the factual bases of their statements in this Article I are supported by Orders entered by the Shelby County Criminal Court, Tennessee statutes, Shelby County ordinances and public records which have been readily accessible to Plaintiffs and their counsel before and after the filing of amendments to their Complaint and that counsel for Bonner and Fields have so advised counsel for Plaintiffs numerous times before any amendments to the Complaint were filed in this case.

## ARTICLE II

**Statement of Admissions, Denials and Defenses of Bonner and Fields to each numbered allegation or claim in the Second Amended Complaint**

## I. JURISDICTION AND VENUE

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

24. Defendants Bonner and Fields each admit the allegations in paragraph 1 of the Second Amended Complaint.

25. Defendants Bonner and Fields each admit the allegations in paragraph 2 of the Second Amended Complaint

26. Defendants Bonner and Fields each deny that Plaintiffs are entitled to any relief whatsoever against them as alleged in Paragraph 3 of the Second Amended Complaint or otherwise. Defendants Bonner and Fields each further state that no individual liability claims have been pled against Bonner or Fields in the Second Amended Complaint.

27. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Second Amended Complaint.

## II. PARTIES

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

28. Defendants Bonner and Fields each admit that Plaintiff Robinson is an adult person and who was a resident of Shelby County Tennessee on November 12, 2024 by virtue of her incarceration in the Shelby County Correction Center at 1045 Mullins Station Road by order of the Criminal Court.

29. Defendants Bonner and Fields each admit that Plaintiff Gibson is an adult person and who was a resident of Shelby County Tennessee on November 12, 2024 by virtue of her incarceration in the Shelby County Correction Center at 1045 Mullins Station Road by order of the Criminal Court.

30. Defendants Bonner and Fields each deny the allegations in paragraph 7 as stated.

31. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Second Amended Complaint.

32. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Second Amended Complaint

33. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Second Amended Complaint

34. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Second Amended Complaint

35. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Second Amended Complaint

36. Defendant Bonner admits that he is the duly elected and acting Sheriff of Shelby County, Tennessee, who is required by law to take charge and custody of the Shelby County Jail personally or by deputies or jailers appointed by him and of the prisoners lawfully committed to the jail until discharged by order of a court of competent jurisdiction. Defendant Bonner admits that Shelby County has designated 201 Poplar Avenue and 6201 Haley Road as the Shelby County Jail facilities under the custody and control of the Sheriff and the deputies and jailers appointed by him and denies that he has had at any time the right, obligation or duty to supervise or control the operations, personnel or facilities of the Shelby County Correction Center located at 1045 Mullins Station Road or to prescribe, implement or enforce any policies and procedures at the Shelby County Correction Center. Defendant Bonner further denies having had any involvement whatsoever

5

in any of the actions and events alleged and described in the Second Amended Complaint. Defendant Bonner further states that no individual liability claims have been pled against him in the Second Amended Complaint.

37. Defendant Kirk Fields admits that for the entire 2024 calendar year he has been duly appointed and acting Chief Deputy Jailer of the Shelby County Jail facilities and operations located at 201 Poplar Avenue and at 6201 Haley Road in Shelby County Tennessee, and that he serves under the direction of Sheriff Floyd Bonner, Jr. Defendant Kirk Fields denies that he has had at any time the right obligation or duty to supervise or control the operations, personnel or facilities of the Shelby County Correction Center located at 1045 Mullins Station Road or to prescribe, implement or enforce any policies and procedures at the Shelby County Correction Center. Defendant Fields further denies having had any involvement whatsoever in any of the actions and events alleged and described in the Second Amended Complaint. Defendant Fields further states that no individual liability claims have been pled against him in the Second Amended Complaint.

38. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Second Amended Complaint

39. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

## III. STATEMENT OF FACTS

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

40. Defendants Bonner and Fields each deny the allegations in paragraph 17 of the Second Amended Complaint.

41. Defendants Bonner and Fields each admit that male inmates awaiting a final disposition of pending criminal charges against them are housed at 201 Poplar Ave. that female inmates awaiting a final disposition of pending charges against them are housed at Jail East located at 6201 Haley Road. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Second Amended Complaint as they relate to the Shelby County Corrections Center located at 1045 Mullins Stations Road.

42. Defendants Bonner and Fields each deny the allegations in paragraph 19 of the Second Amended Complaint.

43. Bonner and Fields each deny that any male inmates were detained or housed in the Shelby County jail facilities located at 6201 Haley Road at any time during the month of November 2024 or at any time during the calendar year 2024.

6

44. Defendants Bonner and Fields each deny the allegations in paragraph 21 of the Second Amended Complaint.

45. Defendants Bonner and Fields each deny the allegations in paragraph 22 of the Second Amended Complaint and specifically deny that any cell # 6 exists at Jail East located at 6201 Haley Road.

46. Defendants Bonner and Fields each deny the allegations in paragraph 23 of the Second Amended Complaint and specifically deny that any cell # 6 exists at Jail East located at 6201 Haley Road.

47. Defendants Bonner and Fields each deny the allegations in paragraph 24 of the Second Amended Complaint and specifically deny that any cell # 6 exists at Jail East located at 6201 Haley Road.

48. Defendants Bonner and Fields each deny the allegations in paragraph 25 of the Second Amended Complaint and further state that said Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Second Amended Complaint about any activities, operations, facilities, personnel or conditions at the Shelby County Corrections Center during the time of the events alleged in paragraph 26 of the Second Amended Complaint.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 26 of the Second Amended Complaint.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 27 of the Second Amended Complaint.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 28 of the Second Amended Complaint.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the

personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 29 of the Second Amended Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 30 of the Second Amended Complaint.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 31 of the Second Amended Complaint.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 32 of the Second Amended Complaint.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 33 of the Second Amended Complaint.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 34 of the Second Amended Complaint.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 35 of the Second Amended Complaint.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located

at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 36 of the Second Amended Complaint.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 37 of the Second Amended Complaint.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 38 of the Second Amended Complaint.

## IV. CLAIMS ALLEGED

### COUNT I
### 42 U.S.C.§ 1983 – Eight Amendment
### Deliberate Indifference
### (Defendants Curry, Harts, and John Does 1-10)

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer and further state that no claims of Eight Amendment Deliberate Indifference have been plead against either of them in Count I of the Second Amended Complaint.

62. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Second Amended complaint and state that no response is necessary by Bonner and Fields as to Plaintiffs' intentions.

63. Defendants Bonner and Fields each deny the allegations in paragraph 40 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

64. Defendants Bonner and Fields each deny the allegations in paragraph 41 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

65. Defendants Bonner and Fields each deny the allegations in paragraph 42 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

66. Defendants Bonner and Fields each deny the allegations in paragraph 43 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

67. Defendants Bonner and Fields each deny the allegations in paragraph 44 of the Second Amended Complaint.

68. Defendants Bonner and Fields each deny the allegations in paragraph 45 of the Second Amended Complaint.

69. Defendants Bonner and Fields each deny the allegations in paragraph 46 of the Second Amended Complaint.

70. Defendants Bonner and Fields each deny the allegations in paragraph 47 of the Second Amended Complaint.

71. Defendants Bonner and Fields each deny the allegations in paragraph 48 of the Second Amended Complaint.

72. Defendants Bonner and Fields each deny the allegations in paragraph 49 of the Second Amended Complaint.

73. Defendants Bonner and Fields each deny the allegations in paragraph 50 of the Second Amended Complaint. Defendants further deny that any practices and policies of the Shelby County Jail under the control and supervision of Sheriff Bonner are applicable to the Shelby County Corrections Center.

74. Defendants Bonner and Fields each deny the allegations in paragraph 51 of the Second Amended Complaint.

75. Defendants Bonner and Fields each deny the allegations in paragraph 52 of the Second Amended Complaint.

76. Defendants Bonner and Fields each deny the allegations in paragraph 53 of the Second Amended Complaint.

77. Defendants Bonner and Fields each deny the allegations in paragraph 54 of the Second Amended Complaint.

78. Defendants Bonner and Fields each deny the allegations in paragraph 55 of the Second Amended Complaint.

79. Defendants Bonner and Fields each deny the allegations in paragraph 56 of the Second Amended Complaint.

80. Defendants Bonner and Fields each deny the allegations in paragraph 57 of the Second Amended Complaint.

## COUNT II
### Supervisory Liability
### (Defendants Sergeant Tobar, Sargeant Boyd, and Lieutenant Boyd)

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer and further state that no claims of Supervisory Liability have been plead against either of them in Count II of the Second Amended Complaint.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 58 of the Second Amended Complaint.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 59 of the Second Amended Complaint.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 60 of the Second Amended Complaint.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 61 of the Second Amended Complaint.

85. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 62 of the Second Amended Complaint.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 63 of the Second Amended Complaint.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 64 of the Second Amended Complaint.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 65 of the Second Amended Complaint.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 66 of the Second Amended Complaint.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 67 of the Second Amended Complaint.

91. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Second Amended complaint and specifically deny any knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 68 of the Second Amended Complaint.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Second Amended complaint and specifically deny any involvement in or knowledge whatsoever of the conditions of the facilities located at the Shelby County Correction Center or of the activities and actions of the personnel and prisoners at the Shelby County Correction Center during the time of the events alleged in paragraph 69 of the Second Amended Complaint.

## COUNT III
### Municipal Liability-*Monell*
### (Defendants County, Bonner, Harris and Fields)

12

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer and further state that neither of them have any municipal liability under *Monell* in any capacity, individually or officially, under Count III of the Second Amended Complaint, since neither Bonner nor Fields have had any personal involvement in any of the alleged incidents or any official duty, obligation or opportunity to make or manage SCCC policies, personnel, prisoners or facilities.

93. Defendants Bonner and Fields each lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Second Amended complaint and state that no response is necessary by Bonner and Fields as to Plaintiffs' intentions.

94. Defendants Bonner and Fields each deny the allegations in paragraph 71 of the Second Amended Complaint, as the statutory provisions referenced therein speak for themselves the meaning of which is a question of law for the Court.

95. Defendants Bonner and Fields each deny the allegations in paragraph 72 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

96. Defendants Bonner and Fields each deny the allegations in paragraph 73 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

97. Defendants Bonner and Fields each deny the allegations in paragraph 74 of the Second Amended Complaint.

98. Defendants Bonner and Fields admit the allegations in paragraph 75 of the Second Amended Complaint but deny that they have had any duty of care, custody or control over the Shelby County Corrections Center or any of the prisoners incarcerated therein.

99. Defendants Bonner and Fields each deny the allegations in paragraph 76 of the Second Amended Complaint.

100. Defendants Bonner and Fields each deny the allegations in paragraph 77 of the Second Amended Complaint.

101. Defendants Bonner and Fields each deny the allegations in paragraph 78 of the Second Amended Complaint.

102. Defendants Bonner and Fields each deny the allegations in paragraph 79 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 79 of the Second Amended Complaint for lack of relevance to Jail East.

103. Defendants Bonner and Fields each deny the allegations in paragraph 80 of the Second Amended Complaint. Defendants Bonner and Fields each further deny

13

the allegations in paragraph 80 of the Second Amended Complaint for lack of relevance to Jail East.

104. Defendants Bonner and Fields each deny the allegations in paragraph 81 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 81 of the Second Amended Complaint for lack of relevance to Jail East.

105. Defendants Bonner and Fields each deny the allegations in paragraph 82 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 82 of the Second Amended Complaint for lack of relevance to Jail East.

106. Defendants Bonner and Fields each deny the allegations in paragraph 83 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 83 of the Second Amended Complaint for lack of relevance to Jail East.

107. Defendants Bonner and Fields each deny the allegations in paragraph 84 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 84 of the Second Amended Complaint for lack of relevance to Jail East.

108. Defendants Bonner and Fields each deny the allegations in paragraph 85 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 85 of the Second Amended Complaint for lack of relevance to Jail East.

109. Defendants Bonner and Fields each deny the allegations in paragraph 86 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 86 of the Second Amended Complaint for lack of relevance to Jail East.

110. Defendants Bonner and Fields each deny the allegations in paragraph 87 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 87 of the Second Amended Complaint for lack of relevance to Jail East.

111. Defendants Bonner and Fields each deny the allegations in paragraph 88 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 88 of the Second Amended Complaint for lack of relevance to Jail East

112. Defendants Bonner and Fields each deny the allegations in paragraph 89 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 89 of the Second Amended Complaint for lack of relevance to Jail East.

14

113. Defendants Bonner and Fields each deny the allegations in paragraph 90 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 90 of the Second Amended Complaint for lack of relevance to Jail East.

114. Defendants Bonner and Fields each deny the allegations in paragraph 91 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 91 of the Second Amended Complaint for lack of relevance to Jail East.

115. Defendants Bonner and Fields each deny the allegations in paragraph 92 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 92 of the Second Amended Complaint for lack of relevance to Jail East.

116. Defendants Bonner and Fields each deny the allegations in paragraph 93 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 93 of the Second Amended Complaint for lack of relevance to Jail East.

117. Defendants Bonner and Fields each deny the allegations in paragraph 94 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 94 of the Second Amended Complaint for lack of relevance to Jail East.

118. Defendants Bonner and Fields each deny the allegations in paragraph 95 of the Second Amended Complaint.

119. Defendants Bonner and Fields each deny the allegations in paragraph 96 of the Second Amended Complaint.

120. Defendants Bonner and Fields each deny the allegations in paragraph 97 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 97 of the Second Amended Complaint for lack of relevance to Jail East.

121. Defendants Bonner and Fields each deny the allegations in paragraph 98 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 98 of the Second Amended Complaint for lack of relevance to Jail East.

122. Defendants Bonner and Fields each deny the allegations in paragraph 99 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

123. Defendants Bonner and Fields each deny the allegations in paragraph 100 of the Second Amended Complaint, as the allegations therein are not facts but legal conclusions, which are questions of law for the Court.

124. Defendants Bonner and Fields each deny the allegations in paragraph 101 of the Second Amended Complaint, as the allegations therein are not facts but legal arguments and conclusions, which are questions of law for the Court.

125. Defendants Bonner and Fields each deny the allegations in paragraph 102 of the Second Amended Complaint.

126. Defendants Bonner and Fields each deny the allegations in paragraph 103 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 103 of the Second Amended Complaint for lack of relevance to Jail East.

127. Defendants Bonner and Fields each deny the allegations in paragraph 104 of the Second Amended Complaint. Defendants Bonner and Fields each further deny the allegations in paragraph 104 of the Second Amended Complaint for lack of relevance to Jail East.

128. Defendants Bonner and Fields each deny the allegations in paragraph 105 of the Second Amended Complaint.

## V. (Sic) **JURY DEMAND**

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

129. Defendants Bonner and Fields deny that Plaintiffs are entitled to a jury for any allegations and claims made against them in the Second Amended Complaints in their official and individual capacities concerning their supervisory liability or their individual involvement in the actions and events described and alleged in the Second Amended Complaint, on the grounds that Defendants Bonner and Fields are each entitled to qualified immunity and a judgment of dismissal as a matter of law based on a complete lack of a genuine issue as to any material facts relating to the involvement or liability Bonner and Fields in their respective official or individual capacities.

## VI. (Sic) **PRAYER FOR RELIEF**

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

Defendants Bonner and Fields deny that Plaintiffs are entitled to any of the relief prayed for in subparagraphs A. through E., both inclusive, against them in the Second Amended Complaints in their official and individual capacities on the grounds that all claims concerning their supervisory liability or their individual involvement in the actions and events described and alleged in the Second Amended Complaint, since Defendants Bonner and Fields are each entitled to a judgment of dismissal as a matter of law based on qualified immunity and a complete lack of a genuine issue as to any material facts relating to the involvement or liability Bonner and Fields in their respective official or individual capacities..

16

## ARTICLE III

## AFFIRMATIVE DEFENSES

Defendants Bonner and Fields do hereby restate and incorporate herein verbatim the responses and statements previously set forth in Article I of this Answer.

(A) The Second Amended Complaint fails to state a claim against Bonner and Fields in their individual capacities for which relief can be granted.

(B) The Second Amended Complaint fails to state any claim for supervisory liability against Bonner and Fields for which relief can be granted.

(C) The factual contentions, if any, in the Second Amended Complaint as to the individual liability of Bonner and Fields have no evidentiary support based on public records readily accessible to Plaintiffs and their counsel.

(D) Bonner and Fields have no individual supervisory liability as a matter of law, since Plaintiffs have not pled and cannot show any set of facts that Bonner or Fields were actively involved in the alleged offensive conduct, and that the direct conduct of Bonner or Fields caused Plaintiffs' injuries.

(E) Bonner and Fields are entitled to qualified immunity as a matter of law, since Plaintiffs have not pled and cannot show any set of facts that Bonner or Fields were actively involved in the alleged offensive conduct, and that the direct conduct of Bonner or Fields caused Plaintiffs' injuries.

(F) Bonner and Fields have no individual supervisory liability as a matter of law, since Plaintiffs have not pled and cannot show any set of facts that Bonner or Fields directed any subordinate to act in a way that violated Plaintiffs' rights, nor is there evidence that Sheriff Bonner or Chief Deputy Fields authorized or acquiesced in any unconstitutional conduct, since they had no supervisory authority over Correction Center personnel.

(G) Bonner and Fields are entitled to qualified immunity as a matter of law, since Plaintiffs have not pled and cannot show any set of facts that Bonner or Fields directed any subordinate to act in a way that violated Plaintiffs' rights, nor is there evidence that Sheriff Bonner or Chief Deputy Fields authorized or acquiesced in any unconstitutional conduct, since they had no supervisory authority over Correction Center personnel.

(H) Defendants Bonner and Fields are entitled to a dismissal of all claims pled in the Second Amended Complaint for the following reasons:

> 1) Plaintiffs do not articulate any claim or plead any facts whatsoever to support an individual liability claim against Bonner and Fields.

2) A suit against a government official in his official capacity is essentially a suit against the government itself. Shelby County, is also named and is the proper party for the official capacity claims asserted pursuant to Monell therefore "a Monell claim against Bonner and Fields in an individual capacity is improper." 2025 WL 2323953, at *3 (quoting *Thomas v. City of Circleville*, No. 2:23-cv-1474, 2023 WL 3742988, at *5 (S.D. Ohio May 31, 2023).

3) Defendants Bonner and Fields have no official capacity, obligation or duty to supervise or control the operations, personnel, inmates or facilities of the Shelby County Correction Center located at 1045 Mullins Station Road or to prescribe, implement or enforce any policies and procedures at the Shelby County Correction Center.

4) Bonner and Fields are entitled to qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

(I) Any and all claims by Plaintiffs against Bonner and Fields are barred by the applicable statute of limitations for a 42 U.S.C § 1983, since the Complaint was filed more than one (1) year after Plaintiffs were released from Jail East that was the only detention facility for women under the lawful control of Sheriff Bonner or Chief Deputy Fields at all times when the alleged incident occurred.

Respectfully submitted,
THE WADE LAW FIRM, PLLC
*/s/ Allan J. Wade*
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
(901) 322-8005
awade@thewadefirm.com
bparrish@thewadefirm.com
Attorneys for Sheriff Defendants,
Floyd Bonner, Jr. and Kirk Fields

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all parties and counsel of record, specifically including counsel for Plaintiffs listed below, by

18

electronic means of filing with this Court's CM/ECF System, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, on this 6th day of April, 2026.

| |
|---|
| W. Bryan Smith<br>Bryan Smith & Associates<br>2670 Union Avenue Ext, Suite 701<br>Memphis, Tennessee 38112 |
| Joshua P. Warren<br>Shelby County Attorney's Office<br>160 North Main Street, Suite 950<br>Memphis, Tennessee 38103 |
| Joseph T. Frate<br>Kenneth P. Abbarno<br>Dicello Levitt LLP<br>8160 Norton Parkway, Third Floor<br>Mentor, Ohio 44060 |

*/s/ Allan J. Wade*